# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTIES OF PLYMOUTH, BARNSTABLE, BRISTOL AND DUKES-COUNTY, OCTOBER TERM 1837, AT PLYMOUTH.

**PRESENT:**

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM,
Hon. SAMUEL S. WILDE,
Hon. MARCUS MORTON, } Justices.
Hon. CHARLES A. DEWEY,

---

## COMMONWEALTH *versus* MICHAEL DRUM.

Under Revised Stat. *c.* 137, § 11, a person indicted for rape may be convicted of an assault and battery, the latter offence being necessarily charged substantially, in an indictment for rape.

So in the case of an indictment for manslaughter.

AT a session of the Court held by adjournment, at Taunton, before *Shaw* C. J., *Wilde* J. and *Morton* J., this defendant was tried on an indictment for a rape upon a female child under ten years of age. The child testified, that the prisoner seized and threw her down, and hurt her with his hands and did the injury of which she bore the marks; but upon full and various examination, she expressly negatived the fact of ravishing or of attempting it.

*July 25th, 1837*

Common-
wealth
v.
Drum.

The Court directed the jury, that if there was no sufficient evidence to convict the defendant, either of the rape charged, or of an assault with an intent to commit a rape, still, under the provisions of the Revised Statutes, c. 137, § 11, he might be convicted of an assault and battery. This provision is, that whenever any person indicted for a felony, shall be acquitted by verdict of part of the offence charged and convicted of the residue, such verdict may be recorded, and the prisoner shall be adjudged guilty of the offence, if any, which shall be substantially charged by the residue of such indictment and shall be sentenced and punished accordingly.

The Court were of opinion, that the indictment for rape necessarily charged substantially and formally an assault and battery upon the person of the female alleged to have been ravished, and that this case was within the statute. And the prisoner was convicted and sentenced accordingly.

A similar point arose afterwards in Worcester, upon an indictment for manslaughter, and was decided upon the same principle.

The Revised Statutes, it will be perceived, have essentially altered the law in this respect, and established a different rule from that upon which the case of *Commonwealth* v. *Roby*, 12 Pick. 496, was decided.